## THE STATE v. PROSSER, *Appellant.*

### Division Two, February 16, 1897.

1. **Criminal Practice:** FELONIOUS ASSAULT: INDICTMENT: VERDICT. Where defendant is indicted for felonious assault, under section 3950, Revised Statutes 1889, the jury is authorized to find defendant guilty of a less offense than that of which he was charged, the same being included in the charge made.

2. ————: ————: ————. The indictment in this case, which is set out in the opinion, held to be good.

*Appeal from St. Louis Criminal Court.*—HON. H. L. EDMUNDS, Judge.

AFFIRMED.

*James R. Claiborne* for appellant.

*Edward C. Crow,* attorney-general, and *Sam. B. Jeffries,* assistant attorney-general, for the state.

(1)    The state had the right to examine witnesses whose names were not indorsed on the indictment at the time of its return, but were so indorsed by prosecuting attorney, by leave of court, on day before jury was sworn; nor was defendant entitled to a continuance because such indorsement was not made a matter of record by the clerk, nor because defendant was not given notice thereof by the clerk, if such leave was given by the court in the presence of defendant and his attorney in open court. R. S. Mo. 1889, sec. 4097; *State v. Roy,* 83 Mo. 268; *State v. Griffin,* 87 Mo. 608; *State v. O'Day,* 89 Mo. 559; *State v. Pagels,* 92 Mo. 300. (2)    If statements were made outside the case that might be prejudicial to defendant, exceptions should be taken to them at the time and afterward fully set

out in motion for new trial. *State v. Duncan*, 116 Mo. 308. (3) Proper instructions were given on the questions of reasonable doubt and good character, as required by section 4208, Revised Statutes 1889, amended and approved April 9, 1895, Session Acts of 1895, page 161. (4) Although defendant was indicted for assault with intent to kill, as prescribed by section 3489, no error was committed in convicting him under section 3950. Such conviction is specifically authorized by section 3950, Revised Statutes, Missouri, 1889. *State v. Baldridge*, 105 Mo. 319; *State v. Burk*, 89 Mo. 635. (5) The following instruction was right: "The defendant is a competent witness in his own behalf, but the fact that he is the person on trial should be considered by you in passing upon the credibility of his testimony." *State v. Young*, 105 Mo. 638; *State v. Renfrow*, 111 Mo. 598; *State v. Hamilton*, 36 S. W. Rep. 1058; *State v. Vaughan*, 24 S. W. Rep. 886. (6) The indictment is in the usual form heretofore approved by this court. *State v. Chumley*, 67 Mo. 41; *State v. Estis*, 70 Mo. 427; *State v. Phelan*, 65 Mo. 547; *State v. Sears*, 86 Mo. 169.

SHERWOOD, J.—Indictment for assault with intent to kill, and based on section 3489, Revised Statutes 1889.

Indictment as follows: "The grand jurors of the state of Missouri, within and for the body of the city of St. Louis, now here in court, duly impaneled, sworn, and charged on their oath, present that James Prosser, late of the city of St. Louis, aforesaid, and state aforesaid, on the 22nd day of October, 1895, at the city of St. Louis, aforesaid, with force and arms, in and upon one Albert T. Palmer, feloniously, willfully, on purpose and of his malice aforethought, did make an assault; and the said James Prosser with a certain weapon, to

VOL. 137 mo—40

wit, a pistol loaded with gunpowder and leaden balls, then and there feloniously, willfully, on purpose and of his malice aforethought, did shoot off, at, against, and upon the said Albert T. Palmer, then and there giving to the said Albert T. Palmer, in and upon the body of him, the said Albert T. Palmer, with the pistol aforesaid, one wound, with the intent then and there, him, the said Albert T. Palmer, feloniously, willfully, on purpose and of his malice aforethought, to kill, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state."

The evidence on the part of the state was ample for conviction, and there was evidence of a contrary effect going to show that the pistol was accidentally discharged, inflicting a wound on the hand of Palmer, the prosecuting witness.

The jury at the close of the evidence returned the following verdict: "We the jury in the above entitled cause find the defendant guilty of an assault with intent to kill without malice aforethought, and assess his punishment at one year in the city jail and a fine of $250."

Under the provisions of section 3950, Revised Statutes 1889, the jury was authorized to find defendant guilty of a less offense than that of which he was charged, the same being included in the charge made.

Though questioned by the motion in arrest, we hold the indictment good, and inasmuch as the instructions are correct, and in usual form, it only remains to say, judgment affirmed. All concur.